IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:95-cr-00198-01

TYHEIM LITTLE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On May 3, 1996, a jury convicted the defendant, Tyheim Little, of (1) conspiracy to possess with intent to distribute cocaine base and to distribute cocaine base; (2) aiding and abetting interstate travel to promote drug trafficking; and (3) aiding and abetting the possession with intent to distribute cocaine base. Ord. [ECF No. 132]. Mr. Little's base offense level was 38, and he received a 4-level enhancement for his role in the offense, and a 2-level enhancement for possession of a handgun. Mem. of Def. 1 [ECF No. 684]. Therefore, the defendant had a total offense level of 44. *Id.* He had a criminal history category of IV. *Id.* These calculations lead to a guideline sentencing range of life in prison. *Id.* On July 15, 1996, Chief Judge Charles H. Haden II sentenced Mr. Little to two life terms of imprisonment and a forty-year term of imprisonment to run concurrently. J. [ECF No. 151].

On January 5, 2012, the United States Probation Office filed an addendum to Mr. Little's Presentence Investigation Report ("PSR"). The addendum states that Mr.

Little is eligible for a 2-level reduction to his base offense level pursuant to the 2011 amendments to the United States Sentencing Guidelines regarding crack cocaine. Mem. Op. & Order 1–2 [ECF No. 694]. If Mr. Little were granted this reduction, it would lower his total offense level from 44 to 42, which would lower his guideline sentencing range from life to 360 months to life.

On April 30, 2012, Chief Judge Thomas Johnston held a hearing regarding whether Mr. Little should receive a reduced sentence based on the 2011 amendments. Dist. Judge Daybook Entry [ECF No. 686]. On June 21, 2012, Judge Johnston ordered that the matter be held in abeyance and continued. Mem. Op. & Order [ECF No. 694]. The order directed the United States probation office to contact the Bureau of Prisons case manager assigned to Mr. Little annually for a period of five years to inquire about Mr. Little's conduct and behavior, and file reports with the court memorializing its communication with the case manager. *Id.* at 4. The court received these reports in 2013, 2014, 2015, 2017, and 2018.

On April 3, 2015, Mr. Little filed a Motion pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a reduction in the applicable sentencing guideline that took effect November 1, 2014. Mot. [ECF No. 744]. Specifically, the defendant alleges that he is entitled to an additional 2-level reduction because the sentencing guidelines were amended again to give non-violent drug offenders an additional 2-level reduction. Mot. 2.

The court has reviewed the: (1) defendant's original PSR; (2) addendum to the PSR; (3) original Judgment and Commitment Order and Statement of Reasons [ECF

No. 151], (4) probation office's annual reports regarding Mr. Little's conduct and behavior while incarcerated; (5) parties' memoranda [ECF Nos. 681, 684]; and (6) other documents submitted to the court regarding this matter.

The Court **FINDS** that Mr. Little is eligible for a 2-level reduction based on the 2011 amendments to the sentencing guidelines, and an additional 2-level reduction based on the 2014 amendments to the sentencing guidelines. The Court **ORDERS** that Mr. Little's base offense level be reduced by four levels, bringing his total offense level to 40. A total offense level of 40 and a criminal history category of IV results in a guideline sentencing range of 360 months to life.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. The defendant's Motion [ECF No. 744] is **GRANTED**. It is **ORDERED** that Mr. Little's previous sentence be reduced to a period of **360 months** for each count to run concurrently, with credit for time served to date, and period of **5 years** supervised released for each count to run concurrently. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 20, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE