IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 2:95-cr-00198-1

TYHEIM SHAWNDALE LITTLE,

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Tyheim Little's ("Defendant") *pro se* request for relief under the First Step Act, which was made in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 815] and Memorandum of Law in support thereof [ECF No. 816]. By separate Memorandum Opinion and Order, I have denied Defendant's section 2255 motion and entered a Judgment Order dismissing the § 2255 matter. However, I further found that Defendant's request for relief under the First Step Act should be treated as a Motion for Modification or Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(B). This Memorandum Opinion and Order will address Defendant's right to relief under § 3582(c).

I.     Relevant Procedural History

On May 3, 1996, Defendant was convicted by a jury of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One), one count of aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2 (Count Three), and one count of aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Seven).  Defendant's indictment did not contain, and the jury did not find, the specific drug quantities involved in each count.

On July 15, 1996, the Honorable Charles H. Haden sentenced Defendant to life in prison on Counts One and Seven, and 40 years in prison on Count Three, which were to run concurrently.  In doing so, Judge Haden found, by a preponderance of the evidence, that Defendant was responsible for 4.8 kilograms of cocaine base, subjecting him to the enhanced sentencing provisions contained in sections 841(b)(1)(A) and (B). Defendant was further sentenced to serve concurrent five-year terms of supervised release and was ordered to pay a $25,000 fine and a $150 special assessment.  A Judgment was entered on July 17, 1996.  (ECF No. 151).  Defendant unsuccessfully appealed his Judgment.  *United States v. Little*, No. 96-4569, 122 F.3d 1064, 1997 WL 563148 (4th Cir., Sept. 17, 1997), *cert. denied*, *Little v. United States*, 522 U.S. 1140 (1998).

On March 29, 2006, I dismissed Defendant's first § 2255 motion as being untimely filed.  [ECF No. 502]. On July 23, 2015, the Honorable Thomas E. Johnston dismissed Defendant's second § 2255 motion as being untimely and an unauthorized second or successive motion.  [ECF No. 748].  However, on March 20, 2018, pursuant to the 2011 and 2014 amendments to the United States Sentencing Guidelines pertaining to cocaine base offenses, I granted Defendant's motion for modification of

sentence under 18 U.S.C. § 3582(c) and reduced his term of imprisonment to 360 months. [ECF No. 785]. Defendant's current release date is November 26, 2021.

The First Step Act, which is further addressed *infra*, was enacted in December of 2018. The Federal Public Defender for the Southern District of West Virginia was initially appointed to represent Defendant with respect to filing a motion under § 3582 seeking relief under the First Step Act. [ECF No. 806]. However, on March 27, 2019, Defendant filed a letter indicting his desire to proceed *pro* se. [ECF No. 810]. He subsequently filed a second motion to that effect on June 3, 2019. [ECF No. 813].

On June 4, 2019, Assistant Federal Public Defender David R. Bungard filed a Statement of Counsel, indicating that he believed that Defendant was eligible for relief under the First Step Act, but reiterating that Defendant did not wish to have representation, and wished to proceed *pro se* in seeking such relief. [ECF No. 814]. Defendant then filed the *pro se* motion now under consideration. [ECF Nos. 815, 816].

II. **The Fair Sentencing and First Step Acts.**

The Fair Sentencing Act of 2010 was enacted to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). The First Step Act of 2018, in turn, provided additional relief to some offenders by making certain provisions of the Fair Sentencing Act retroactive. *Id.*

Specifically, section 404 of the First Step Act made retroactive sections 2 and 3 of the Fair Sentencing Act of 2010, which modified the threshold quantities of

cocaine base necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). As relevant here, under section 2 of the Fair Sentencing Act, "what used to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums became an 18:1 ratio." *United States v. King*, No. 3:02-CR-00067, 2019 WL 7563528, at *1–2 (M.D. Tenn. Oct. 30, 2019) (quoting *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013)). Thus, after the Fair Sentencing Act amendments, a threshold quantity of 28 grams of cocaine base was required to subject a defendant to a sentence of 5 to 40 years under 21 U.S.C. § 841(b)(1)(B), and a quantity of 280 grams or more was necessary to warrant sentencing to 10 years to life under § 841(b)(1)(A).

Section 401 of the First Step Act, which is also cited in Defendant's motion, adjusted the mandatory minimum sentences for defendants convicted of controlled substance offenses who had prior drug convictions and changed the conditions under which such mandatory minimum sentences apply. However, unlike section 404, section 401 of the Act is not retroactive. *See, e.g., United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment'") (quoting First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018)) (alteration in original); *United States v. White*, No. 93-cr-97 (BAH), 2019 WL 3719006, * 18 (D.D.C. Aug. 6, 2019) ("Sections 401, 402, and 403, thus, not retroactively applicable to those already sentenced."); *United States v. Norman*, No. 1:08-cr-286, 2019 WL 3296830. at 5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act . . . is that it is not retroactive.") (alteration added). Accordingly, Defendant is not entitled to any

4

relief under § 401 of the First Step Act.[1] Consequently, I will only address Defendant's request for relief under § 404 of the First Step Act below.

III. Discussion

A sentence of imprisonment is a final judgment and, generally, the court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) and (c). However, a court may modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly allows such modification under certain conditions. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019).

Specifically, section 404(b) of the Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted). Thus, any defendant sentenced before the effective date of the Fair Sentencing Act (August 3, 2010), who did not previously receive the benefit of the modified statutory penalties, is eligible for a sentence reduction under the First Step Act.

Nonetheless, the First Step Act grants significant discretion to the district courts. *See Wirsing*, 943 F.3d at 180. It does not specify the nature and extent of the relief available and courts are not compelled to grant relief. Rather, the Act grants

---

[1] Defendant had a prior controlled substance conviction. However, it does not appear that Defendant's sentence was enhanced based upon that conviction, or that the United States of America ever filed the required information under 21 U.S.C. § 851 to pursue such an enhancement. Thus, there appears to be no basis for Defendant's claim under § 401 of the First Step Act.

5

authority to the sentencing judge to make the final determination about whether, and by how much, to reduce an eligible defendant's sentence.

The proper mechanism to seek relief under the First Step Act is a motion pursuant to 18 U.S.C. § 3582(c)(1)(b). *Wirsing*, 943 F.3d at 184. The First Step Act grants courts statutory authority to conduct a full resentencing. *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D. W. Va. Nov. 21, 2019). However, it also permits a court to simply "impose a reduced sentence" without conducting a plenary resentencing. Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. See 18 U.S.C. §§ 3553(a) and 3582(a).

"Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range." *Jackson*, 2019 WL 6245759, at *2. Modifying the sentence under § 3582(c)(1)(B) does not require a hearing or the defendant's presence. *See e.g., id*. ("Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."); *Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019), *order amended and superseded*, No. 4:95-CR-39, 2019 WL 6039954 (E.D. Va. Nov. 14, 2019). "It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." *Jackson*, 2019 WL 6245759, at *2.

A.  Statutory Modification under First Step Act

Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A) for his convictions on Counts One and Seven, and under 21 U.S.C. § 841(b)(1)(B) on Count Three, for cocaine base offenses that were committed prior to the enactment of the Fair Sentencing Act of 2010. Thus, Defendant's convictions are covered offenses under the Fair Sentencing Act, and he has not previously been considered for a statutory reduction thereunder. Therefore, he is eligible for consideration for a sentence reduction under the First Step Act.

If Defendant were again sentenced based upon the 4.8 kilograms of cocaine base determined by a preponderance of the evidence by Judge Haden at his sentencing hearing, his sentences would not be subject to reduction under the First Step Act because the drug quantity still exceeds the threshold amounts contained in the amended versions of §§ 841(b)(1)(A) and (B). However, because Defendant's indictment did not contain any specific drug quantities, and the jury did not find, beyond a reasonable doubt, that the quantity of cocaine base involved was at least 28 grams for Count Three, or at least 280 grams for Counts One and Seven, I **FIND** that the new statutory range for each of Defendant's sentences under the First Step Act should be 0-20 years, with a term of supervised release of at least three years, under 21 U.S.C. § 841(b)(1)(C), a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C)(2018); *see also Apprendi v. New Jersey,* 530 U.S. 466 (2000) (the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and

proved beyond a reasonable doubt"); *Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").[2]

B. **Sentencing Guidelines Calculation.**

Defendant's Guideline level was previously reduced to 40 when I granted his prior § 3582(c) motion and modified his term of imprisonment to 360 months. His Guideline level remains unchanged at 40, with a Criminal History category of IV, rendering a Guideline range of 360 months to life. However, because the statutory maximum for his sentences is now 20 years, his Guideline range for all three convictions is capped at 240 months.

C. **Discretionary Sentence Reduction.**

I **FIND** that Defendant's filings and the original presentencing report sufficiently articulate the offense conduct that may be considered in the § 3553(a) factors. Based on the issues present in the case, the authority under § 404 of the First Step Act, and under § 3582(c)(1)(B), I further **FIND** that a hearing is unnecessary. *See Jackson, supra*, 2019 WL 6245759, at *2 ("It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.").

---

[2] Defendant was sentenced prior to the Supreme Court's decisions in *Apprendi* and *Alleyne*. Although those decisions have not been held to be retroactively applicable on collateral review, this court joins other courts within the Fourth Circuit finding that those holdings are applicable in the context of the First Step Act. *See, e.g., United States v. Walker*, No. 3:04-cr-00146, 2020 WL 882175, at *2 (S.D. W. Va. Feb. 2 1. 2020) (Chambers, J.); *United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. May 13, 2019); *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases). Accordingly, I **FIND** that Defendant's modified sentences should be imposed in accordance with those rulings.

After considering the nature and circumstances of the offense, the history and characteristics of the Defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, I **FIND** that Defendant's sentences on Counts One, Three, and Seven should be reduced to **concurrent terms of 240 months of imprisonment, followed by concurrent three-year terms of supervised release**.[3]

Defendant's motion further requests that, because he has served excessive time in prison, his term of supervised release should be reduced or not imposed at all. However, "Congress intended supervised release to assist individuals in their transition to community life" and "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Thus, as the Supreme Court emphasized in *Johnson*, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset supervised release." *Id.* Accordingly, Defendant's request to reduce or eliminate his term of supervised release, beyond the reduction to already granted, is **DENIED**.

III. Conclusion

For the reasons stated herein, Defendant's Motion for Modification or Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(B), based upon his eligibility for relief under the First Step Act, is **GRANTED**. It is hereby **ORDERED** that Defendant's sentence on each count of conviction is modified and reduced to **240 months of imprisonment followed by a three-year term of supervised release, each to**

---

[3] Defendant has served more than 24 years in prison. Accordingly, he is entitled to immediate release to supervision.

9

**be served concurrently**. The Bureau of Prisons is **ORDERED** to arrange for Defendant's immediate release from custody.

The court **DIRECTS** the Clerk to terminate Defendant's Motion to Proceed *Pro Se* [ECF No. 813]. The court further **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

                              ENTER:    April 9, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE